JS 44   (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Spirit Cruises, LLC and Entertainment Cruises, Inc.

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff  Cook
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Marshall Dennehey Warner Coleman & Goggin, 2000 Market Street, Suite 2300, Philadelphia, PA 19103, (215) 575-2623

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [x] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander / Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / Product Liability | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent / [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce / [ ] 460 Deportation |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice / [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) / [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 863 DIWC/DIWW (405(g)) / [ ] 864 SSID Title XVI | [x] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application / [ ] 465 Other Immigration Actions | | |
| | [ ] 448 Education / [ ] 550 Civil Rights | | | |
| | [ ] 555 Prison Condition | | | |
| | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
46 U.S.C. § 30501 et seq.

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  [ ] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
1/6/2021

SIGNATURE OF ATTORNEY OF RECORD
Timothy D. Rau

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ Spirit Cruises, LLC and Entertainment Cruises, Inc. _____

Address of Defendant: _____ 455 N. Cityfront Drive, Suite 2600, Chicago, IL 60611 _____

Place of Accident, Incident or Transaction: _____ Philadelphia, PA _____

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

| | | | |
|---|---|---|---|
| 1. | Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☑ |
| 2. | Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☑ |
| 3. | Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? | Yes ☐ | No ☑ |
| 4. | Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? | Yes ☐ | No ☑ |

I certify that, to my knowledge, the within case ☐ is / ☐ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 01/06/2021 _____ _____ _____ 84707

*Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

| | | |
|---|---|---|
| **A.** | **Federal Question Cases:** | |
| ☐ 1. | Indemnity Contract, Marine Contract, and All Other Contracts | |
| ☐ 2. | FELA | |
| ☐ 3. | Jones Act-Personal Injury | |
| ☐ 4. | Antitrust | |
| ☐ 5. | Patent | |
| ☐ 6. | Labor-Management Relations | |
| ☐ 7. | Civil Rights | |
| ☐ 8. | Habeas Corpus | |
| ☐ 9. | Securities Act(s) Cases | |
| ☐ 10. | Social Security Review Cases | |
| ☑ 11. | All other Federal Question Cases *(Please specify):* _____ Rule F _____ | |

| | | |
|---|---|---|
| **B.** | **Diversity Jurisdiction Cases:** | |
| ☐ 1. | Insurance Contract and Other Contracts | |
| ☐ 2. | Airplane Personal Injury | |
| ☐ 3. | Assault, Defamation | |
| ☐ 4. | Marine Personal Injury | |
| ☐ 5. | Motor Vehicle Personal Injury | |
| ☐ 6. | Other Personal Injury *(Please specify):* _____ | |
| ☐ 7. | Products Liability | |
| ☐ 8. | Products Liability – Asbestos | |
| ☐ 9. | All other Diversity Cases *(Please specify):* _____ | |

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Timothy Rau _____, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 01/06/2021 _____ _____ _____ 84707

*Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

IN THE MATTER OF THE PETITION OF SPIRIT CRUISES, LLC AND ENTERTAINMENT CRUISES, INC. AS OWNERS OF THE M/V SPIRIT OF PHILADELPHIA FOR EXONERATION FROM, OR LIMITATION OF, LIABILITY   :   CIVIL ACTION

v.   :

:   NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   (  )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   (  )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   (  )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   (  )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (✓)

| 1/6/2021 | Timothy D. Rau | Spirit Cruises, LLC and Entertainment Cruises, Inc. |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 575-2623 | (215) 575-0856 | tdrau@mdwcg.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

IN THE MATTER OF THE PETITION
OF SPIRIT CRUISES, LLC AND ENTERTAINMENT
CRUISES, INC. AS OWNERS                                    **COMPLAINT**
OF THE M/V SPIRIT OF PHILADELPHIA
FOR EXONERATION FROM, OR
LIMITATION OF, LIABILITY
_____/

## COMPLAINT FOR EXONERATION FROM, OR LIMITATION OF, LIABILITY

COMES NOW SPIRIT CRUISES, LLC and ENTERTAINMENT CRUISES, INC. and

for its Complaint for exoneration from, or limitation of, liability, states:

1.      This action arises under the laws of the United States providing for exoneration

from or limitation of vessel owner's liability (including 46 U.S.C. § 30505 and § 30511) and the

various statutes, rules and regulations relating thereto, including Federal Rules of Civil

Procedure, Supplement Admiralty Rule F. This Court has jurisdiction pursuant to 28 U.S.C. §§

1331 and 1333. The casualty that give rise to this incident allegedly occurred while Malcolm

Thomas was a passenger on the vessel owned and operated by Petitioners.

2.      At all material times, Petitioners were and are individuals residing at 455 N

Cityfront Drive, Suite 2600, Chicago, IL 60611.

3.      Entertainment Cruises, Inc. is a domestic corporation organized pursuant

to the laws of the state of Delaware. Its principal place of business is located at 455 N Cityfront

Drive, Suite 2600, Chicago, IL 60611.

4.      Spirit Cruises, LLC, is a domestic limited liability company organized pursuant to the laws of the state of Delaware. Its principal place of business is located at 455 N Cityfront Drive, Suite 2600, Chicago, IL 60611.

5.      Entertainment Cruises, Inc. is the sole member of Petitioner, Spirit Cruises, LLC.

6.      At all times material hereto, claimant Malcolm Thomas resided at 518 E. Vine Street, Millville, NJ.

7.      Venue is properly laid in this district in accordance with Supplemental Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, inasmuch as the owner of the vessel has been sued in this district, and the vessel at issue is located in this district.

8.      Written Notice of Claim was received by Petitioners for alleged injuries sustained by Claimant Malcolm Thomas on or after July 9, 2020 in the form of a Civil Action Complaint filed in the Philadelphia Court of Common Pleas and served by personal service. A Copy of the Complaint is attached hereto as Exhibit "A."

9.      It is alleged in Claimant's Complaint that on July 14, 2018, claimant Malcolm Thomas was a passenger on the Spirit of Philadelphia in the navigable waters of the Delaware River owned and operated by the Petitioner.

10.     Claimants have alleged that while he was a passenger on the Spirit of Philadelphia he was served alcoholic beverages while he was not of legal drinking age to the point that he became visibly intoxicated.

11.     Following his cruise on the Spirit of Philadelphia, Malcolm Thomas was operating a motor vehicle and collided with another vehicle driven by Samar Isawa.

12. It is alleged that Malcolm Thomas sustained injuries as a result of the motor vehicle accident subsequent to his cruise on the Spirit of Philadelphia as a result of alcoholic beverages served to him while on the vessel.

13. Samar Isawa has filed suit against Malcolm Thomas and alleged that ABC Bars 1-10 served alcoholic beverages to Malcolm Thomas to the point of intoxication. A copy of the Isawa Complaint is attached hereto as Exhibit "B."

14. Claimant Malcolm Thomas was a passenger on the the M/V *SPIRIT OF PHILADELPHIA* when it is alleged that the owner and operator of the vessel engaged in negligent acts which led to his injuries.

15. At all material times, Petitioners owned the M/V *SPIRIT OF PHILADELPHIA* within the meaning of 46 U.S.C. § 30505.

16. At all material times, the M/V *SPIRIT OF PHILADELPHIA*, is a yacht style dining vessel located in Philadelphia, PA.

17. At all material times, Petitioners manned, navigated and operated the M/V *SPIRIT OF PHILADELPHIA* at its own expense and procurement.

18. The aforementioned injuries and incident alleged in the Complaint, Malcolm Thomas v. Spirit Cruises and Entertainment Cruises, et al., attached as Exhibit "A," were not caused or contributed to by any fault, neglect, want of care, or design on the part of Petitioners, Spirit Cruises, Entertainment Cruises, the M/V *SPIRIT OF PHILADELPHIA*, or anyone for whom Petitioners may be responsible.

19. Petitioner used due diligence to make the M/V *SPIRIT OF PHILADELPHIA* seaworthy, and they were, at the time of the incident described herein, tight, staunch and strong, and in all respects seaworthy and fit for the service in which it was engaged.

20.     If any loss, damage, injury or death was sustained by Claimants as aforesaid, such loss, damage, injury or death was in no way caused by fault, negligence, recklessness, or want of due care on the part of the Vessel, Petitioners or parties for whom they may be held responsible. Rather, any such loss, damage, injury or death was occasioned and incurred wholly without the fault, privity, or knowledge of the Petitioners.

21.     It is anticipated that Claimants will seek damages in an amount that will exceed the total sum or sums for which Petitioners may be legally responsible or may be required to pay under applicable statutes and laws governing exoneration from and limitation of liability.  All Claimants and suitors of whom Petitioners have knowledge as of the time of filing this Petition are named above.

22.     The aforementioned incident was caused either by factors for which no one was responsible, or was caused by or was contributed to  by the fault and negligence of other persons or entities, or other conditions, for which Petitioners are not responsible.

23.     The aforementioned incident was occasioned and occurred without fault of Petitioners and without the privity or knowledge of Petitioners.

24.     The value of the M/V *SPIRIT OF PHILADELPHIA*  after the incident is $2,000,000, as reflected in the Vessel Appraisal Report prepared by Martin Ottaway and attached as Exhibit "C." Upon information and belief, Petitioner states that there are no liens upon this vessel prior to or paramount to any lien that may have accrued by reason of the matters aforesaid.

25.     Petitioners claim and seek exoneration from liability, for any loss, damages or injury occasioned or incurred by reason of the aforementioned incidents, and for any and all claims thereof, the Petitioner alleges that it has valid defenses thereto on the facts and on the law.

26.    Upon information and belief, the claims arising out of the aforementioned incident may exceed the value of the M/V *SPIRIT OF PHILADELPHIA*.

27.    Petitioner further claims the benefit of the Limitation of Vessel Owners' Liability Act provided under Title 46, United States Code, §§ 30501-30512, inclusive, providing for limitation of vessel owners' liability, and of the various statutes, rules and regulations supplemental thereto, and amendatory thereof; and to that end, Petitioners are ready and willing to proceed according to law and pursuant to the rules and practice of this honorable Court.

28.    To Petitioners' knowledge, the M/V *SPIRIT OF PHILADELPHIA* has not been attached or arrested in any suit brought in connection with a claim arising out of the aforementioned incident.

29.    This Complaint is filed within six months after petitioners received any written claim, and is therefore, timely filed.

30.    All and singular, the premises are true and exclusively with the Admiralty and Maritime Jurisdiction of the United States and this honorable Court.

WHEREFORE, Petitioners pray that:

a.    This Court enter an Order approving an ad interim stipulation as offered by Petitioners, and enter an Order restraining the institution and/or prosecution of any and all actions, suits, and legal proceedings of any nature or description, in any jurisdiction, except in the present proceeding, against Petitioners or their agents or representatives, or any other person for whom Petitioners are or may be responsible or against any Petitioners' property, including the M/V *SPIRIT OF PHILADELPHIA* to recover damages caused by or resulting from said exposures and incidents that occurred after 2018.

b.     This Court enter an Order directing the issues of a notice to all persons claiming damage for any and all loss, damage, expenses, or injuries caused by or resulting from the aforesaid incident, citing them and each of them to appear and make due proof of their respective claims, and all to appear and answer the allegations of this Complaint at or before a time certain to be fixed by said Notice;

c.     This Court in this proceeding will adjudge:

(i)     Petitioners, Spirit Cruises LLC, Entertainment Cruises, Inc. and the M/V *SPIRIT OF PHILADELPHIA*, are not liable to any extent for any loss, damage, expense or injury, nor for any claims whatsoever in any way arising out of or in any consequence of the aforesaid incident, and, therefore, Petitioners and the M/V *SPIRIT OF PHILADELPHIA* are entitled to a decree of exoneration in this matter;

(ii)     If Petitioners shall be adjudged liability to any extent in the premises, then such liability be limited to the value of Petitioners' interest in the M/V *SPIRIT OF PHILADELPHIA* following the incident, and that a decree may be entered discharging Petitioners and the M/V *SPIRIT OF PHILADELPHIA* from all further liability and further enjoining the filing and prosecution of any claims against Petitioners and/or the M/V *SPIRIT OF PHILADELPHIA* with reference to the matter and happenings recited in this Complaint; and

   d.      Petitioners may have such other and further relief as may be just and

proper.

                                        **MARSHALL DENNEHEY WARNER**
                                        **COLEMAN & GOGGIN**


                                        *Timothy D. Rau*
                                        _____
                                        TIMOTHY D. RAU
                                        2000 Market Street, Suite 2300
                                        Philadelphia, PA  19103
                                        tdrau@mdwcg.com
                                        (215) 575-2623
                                        Attorney for Spirit Cruises, LLC and
                                        Entertainment Cruises, Inc.

Dated:  January 6, 2021

# EXHIBIT "A"

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**JUNE 2020**

E-Filing Number: 2006029234

**000957**

**PLAINTIFF'S NAME**
MALCOLM THOMAS

**DEFENDANT'S NAME**
SPIRIT CRUISES, LLC

**PLAINTIFF'S ADDRESS**
BUILDING C, APT  33  2350 ROUTE 10
MORRIS PLAINS NJ 07950

**DEFENDANT'S ADDRESS**
401 S. COLUMBUS BOULEVARD
PHILADELPHIA PA 19106

**PLAINTIFF'S NAME**

**DEFENDANT'S NAME**
ENTERTAINMENT CRUISES, INC.

**PLAINTIFF'S ADDRESS**

**DEFENDANT'S ADDRESS**
401 S. COLUMBUS BOULEVARD
PHILADELPHIA PA 19106

**PLAINTIFF'S NAME**

**DEFENDANT'S NAME**
JOHN DOE 1-5

**PLAINTIFF'S ADDRESS**

**DEFENDANT'S ADDRESS**
UNKNOWN
UNKNOWN PA 99999

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 4 | [X] Complaint   [ ] Petition Action   [ ] Notice of Appeal |
| | | [ ] Writ of Summons   [ ] Transfer From Other Jurisdictions |

**AMOUNT IN CONTROVERSY**
[ ] $50,000.00 or less
[X] More than $50,000.00

**COURT PROGRAMS**
[ ] Arbitration
[X] Jury
[ ] Non-Jury
[ ] Other:

[ ] Mass Tort
[ ] Savings Action
[ ] Petition

[ ] Commerce
[ ] Minor Court Appeal
[ ] Statutory Appeals

[ ] Settlement
[ ] Minors
[ ] W/D/Survival

**CASE TYPE AND CODE**
20 - PERSONAL INJURY - OTHER

**STATUTORY BASIS FOR CAUSE OF ACTION**

**RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)**

**FILED
PRO PROTHY**

JUN **19** 2020

**A. SILIGRINI**

**IS CASE SUBJECT TO
COORDINATION ORDER?**
YES      NO

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: MALCOLM THOMAS

Papers may be served at the address set forth below.

**NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY**
JOSEPH F. BOUVIER

**ADDRESS**
FEDERAL RESERVE BANK BUILDING
100 N. INDEPENDENCE MALL WEST
SUITE 5A NW
PHILADELPHIA PA 19106-1559

**PHONE NUMBER**
(215)629-1600

**FAX NUMBER**
(215)923-2227

**SUPREME COURT IDENTIFICATION NO.**
54107

**E-MAIL ADDRESS**
jbouvier@mattioni.com

**SIGNATURE OF FILING ATTORNEY OR PARTY**
JOSEPH BOUVIER

**DATE SUBMITTED**
Friday, June 19, 2020, 08:54 am

FINAL COPY (Approved by the Prothonotary Clerk)

**COMPLETE LIST OF DEFENDANTS:**

    1. SPIRIT CRUISES, LLC
        401 S. COLUMBUS BOULEVARD
        PHILADELPHIA PA 19106
    2. ENTERTAINMENT CRUISES, INC.
        401 S. COLUMBUS BOULEVARD
        PHILADELPHIA PA 19106
    3. JOHN DOE 1-5
        UNKNOWN
        UNKNOWN PA 99999
    4. ABC CORP. 1-5
        UNKNOWN
        UNKNOWN PA 99999

MATTIONI, LTD.
BY:   Eugene Mattioni, Esquire
        Joseph Bouvier, Esquire
Attorney ID Nos.: 15291; 54107
100 North Independence Mall West, Suite 5A N.W.
Philadelphia, PA 19106
Phone: (215) 629-1600
Email: emattioni@mattioni.com; jbouvier@mattioni.com

JARVE KAPLAN GRANATO STARR, LLC
By:  Anthony Granato, Esquire
Attorney ID No. 48042
1600 Market Street, Suite 1650
Philadelphia, PA  19103
Phone: (215) 751-1700
Email: agranato@nj-triallawyers.com

*Attorneys for Plaintiff*

Filed and Attested by the
Office of Judicial Records
19 JUN 2020 09:54 am
A. SILIGRINI

| | | |
|---|---|---|
| MALCOLM THOMAS | : | COURT OF COMMON PLEAS |
| | : | PHILADELPHIA COUNTY |
| Plaintiff | : | LAW DIVISION |
| | : | |
| v. | : | |
| | : | |
| SPIRIT CRUISES, LLC, et al., | : | JUNE TERM, 2020 |
| | : | NO. |
| Defendants | : | |

## NOTICE TO DEFEND

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Lawyer Reference Service
One Reading Center
Philadelphia, Pennsylvania 19107
Telephone: 238-1701

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en los paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregaro la corte entoma escrito sus defensas o cus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas puede continuar la demanda en contra suy a sin previa aviso o notificacion. Ademas, la corte puede decidir a favor del demande\ante y requiere que usted cumpla con todas las provisiones de esta demanda. usted puede erder dinero o sus propiedades o estos derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIALAMENTE SI NO TIENE ABAGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO. VAYA EN PERSONA O LLAME PRO TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

Servico de Referencia Legal
Uno Reading Centro
Fiedelfia, PA 19187
Telefono: 238-1701

MATTIONI, LTD.
BY:    Eugene Mattioni, Esquire
       Joseph Bouvier, Esquire
Attorney ID Nos.: 15291; 54107
Federal Reserve Bank Building
100 North Independence Mall West, Suite 5A N.W.
Philadelphia, PA 19106
Phone: (215) 629-1600
Fax: (215) 923-2227
Email: emattioni@mattioni.com; jbouvier@mattioni.com

JARVE KAPLAN GRANATO STARR, LLC
By: Anthony Granato, Esquire
Attorney ID No. 48042
1600 Market Street, Suite 1650
Philadelphia, PA 19103
Phone: (215) 751-1700
Fax: (267) 238-1319
Email: agranato@nj-triallawyers.com

*Attorneys for Plaintiff*

| | | |
|---|---|---|
| MALCOLM THOMAS<br>Building C, Apt. 33<br>2350 Rt. 10<br>Morris Plains, NJ 07950 | : | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br>LAW DIVISION |
| Plaintiff<br>  v. | : | |
| SPIRIT CRUISES, LLC<br>401 S. Columbus Boulevard<br>Philadelphia, PA 19106<br>and<br>ENTERTAINMENT CRUISES, INC.<br>401 S. Columbus Boulevard<br>Philadelphia, PA 19106<br>and<br>JOHN DOE 1-5 (fictitious names)<br>and<br>ABC CORP. 1-5 (fictitious names) | : | JUNE TERM, 2020<br><br>NO. |
| Defendants | : | |

## CIVIL ACTION COMPLAINT AND JURY DEMAND

Case ID: 200600957

Plaintiff Malcolm Thomas, by and through his attorneys, hereby files this complaint against defendants and states as follows:

1.      Plaintiff Malcolm Thomas is an adult individual citizen residing at Building C, Apt. 33, 2350 Rt. 10, Morris Plains, NJ 07950.

2.      Defendant Spirit Cruises LLC (hereafter "Spirit Cruises") is believed to be a Limited Liability Company organized pursuant to the laws of the State of Delaware with a principal place of business at 455 N. Cityfront Plaza, Suite 2600, Chicago, Illinois, 60611, and having a satellite office at 401 S. Columbus Boulevard, Philadelphia, PA 19106.

3.      Defendant Entertainment Cruises, Inc. ("Entertainment Cruises") is believed to be a Delaware corporation with a principal place of business at 455 N. Cityfront Plaza, Suite 2600, Chicago, Illinois, 60611, and having a satellite office at 401 S. Columbus Boulevard, Philadelphia, PA 19106.  Upon information and belief, defendant Entertainment Cruises is the parent company of defendant Spirit Cruises.

4.      At all times relevant hereto, defendants Spirit Cruises and/or Entertainment Cruises was/were the owner and/or operator and/or charterer and/or manager of the passenger vessel Sprit of Philadelphia, Official Number 943275, Call Sign WWD4763. Defendants operated the Spirit of Philadelphia from the vessel's terminal located at 401 S. Columbus Boulevard, Philadelphia PA and engaged in commercial maritime activities, with the vessel going out on the Delaware River, a navigable water of the United States, for lunch and dinner cruises, special event cruises, corporate cruises and wedding cruises, providing skyline views of the City of Philadelphia and surrounding areas of interest on the Delaware River.

5.      Defendants Spirit Cruises and/or Entertainment Cruises was/were the holder(s) and owner(s) of a license (LID# 53571, License #P43) granted by the Pennsylvania Liquor

Control Board ("PLCB") pursuant to the Pennsylvania Liquor Code, 47 P.S. § 4-401, and sold and/or dispensed alcoholic beverages aboard the Spirit of Philadelphia under regulations imposed by the PLCB and the Pennsylvania Statutes Title 48-7 Chapter 1 Liquor Code.

6.      Defendants John Doe 1 – 5 (hereafter "the John Doe defendants") are adult individuals, whose names and addresses are not currently known to plaintiff, who were working in the capacity of bartenders and/or servers of alcoholic beverages aboard the Spirit of Philadelphia on the evening of July 14, 2018.

7.      Defendant ABC Corp. 1-5 are corporations or other business entities whose identities are not currently known to plaintiff, and which were the employer(s) of defendants John Doe 1 – 5 as of July 14, 2018.

8.      At all times relevant hereto, defendants Spirit Cruises, Entertainment Cruises, and/or ABC Corp. 1 – 5 were responsible for hiring and training the employees serving alcoholic drinks on board the Spirit of Philadelphia.

9.      On July 14, 2018, at or about 6:00 p.m., plaintiff boarded the Spirit of Philadelphia at its terminal on Columbus Boulevard, in the City and County of Philadelphia, for the purpose of enjoying a dinner cruise.

10.     Plaintiff was 20 years of age at that time and, pursuant to the rules, policies and procedures of defendants Entertainment Cruises and Spirit Cruises, was not of age to lawfully purchase or consume alcoholic beverages.

11.     When the vessel first got underway on its cruise on the evening of July 14, 2018, plaintiff and his friend ordered margaritas from a female server, who brought very large margaritas to them. Thereafter, the bartenders served plaintiff and his friend a variety of alcoholic beverages throughout the evening, including cognac, and they became intoxicated and

showed their intoxication by visible actions to such extent that a competent bartender or server knew or should have known they were intoxicated.

12.     Plaintiff's age was not checked when he boarded the vessel, nor was his age checked at any time that he ordered or was served alcoholic beverages aboard the vessel.

13.     Upon information and belief, one or more of the John Doe defendants, acting in the course and scope of their employment, served and/or continued to serve alcohol to plaintiff while he was visibly intoxicated.

14.     After disembarking the vessel after the cruise concluded, plaintiff got in his car and began driving home.  As a result of his intoxication, plaintiff lost control of his vehicle while on Route 55 South in Elk Township, New Jersey, and it crossed the median into the northbound lanes of travel and flipped over before striking a northbound vehicle head-on.

15.     In the accident, plaintiff sustained catastrophic personal injury including a severe cervical fracture at the C4-C5 level, necessitating surgery with cervical spine fusion from C3 to C6 and severe spinal cord injury.  Plaintiff is now a quadriplegic unable to function in a normal fashion, and he requires extensive medical care, rehabilitative care and other services. He will require a great level of such care, rehabilitation and services to assist him for the remainder of his life.

16.     Plaintiff was found to have a blood alcohol level of .254 mg/dL  and thus was operating his vehicle while intoxicated from consuming alcoholic beverages served to him by the John Doe defendants during the cruise aboard the Spirit of Philadelphia.

17.     Plaintiff's injuries are serious and of a permanent nature, and are of such type and nature that they meet any applicable tort threshold (the applicability of any threshold being a matter of defendants' proofs).

18.     As a result of his injuries, plaintiff has been required and will continue to require and undergo medical attention and care and to expend various sums of money and incur various expenses for the injuries and residuals he has suffered, any or all of which may continue for an indefinite period of time in the future.

19.     As a result of his injuries, plaintiff has been and will in the future be hindered and prevented from attending to his usual and customary duties and occupations, all to his humiliation and embarrassment, and with great financial loss and loss of earning capacity.

20.     By reason of the injuries described above, plaintiff has in the past and will in the future continue to suffer severe pain, disfigurement, anxiety, depression and emotional damage, and loss of the joys and pleasures of life.

21.     As a direct result of the aforesaid occurrence, plaintiff has incurred and may hereafter incur other financial expenses and losses.

<div align="center">

COUNT I – NEGLIGENCE

**Plaintiff v. Defendants John Does 1 - 5**

</div>

22.     Plaintiff hereby incorporates by reference the averments contained in paragraphs 1-21 above as if fully set forth at length herein.

23.     The John Doe defendants owed a duty of reasonable care for the safety of the passengers aboard the Spirit of Philadelphia, including plaintiff.

24.     Defendants failed to meet their duty of care to plaintiff and were careless, negligent and reckless through their own actions and inactions, in violation of the General Maritime Law of the United States, in the following ways, including but not limited to:

(a)   Defendants unlawfully permitted plaintiff to purchase and consume alcoholic beverages when he was not of a lawful age, in violation of the rules, policies and procedures of their employer;

(b)   Defendants failed to ask plaintiff for proof of his age when he boarded the vessel, and they did not seek proof of plaintiff's age at any time during the course of the voyage, instead serving him multiple alcoholic beverages despite his tender age;

(c)   Upon information and belief, defendants failed to follow the rules, policies and/or procedures of their employer with regard to the verification of a passenger's age prior to the service of alcoholic beverages. This failure to check plaintiff's age occurred each and every time he was served alcoholic beverages on board the vessel that night;

(d)   Defendants served plaintiff numerous alcoholic beverages without ever confirming whether he was of sufficient legal age to be served alcoholic beverages;

(e)   Defendants failed to take any type of action to keep track of the number of alcoholic drinks served to plaintiff or otherwise monitor the amount of alcohol he consumed;

(f)   Defendants continued to serve plaintiff alcoholic beverages when they knew or should have known he was intoxicated;

(g)   Defendants continued to serve plaintiff alcoholic beverages even after he had consumed such a large quantity of alcohol that defendants should have been

alerted to the risk of intoxication to plaintiff based on his size and body weight;

(h)   Defendants failed to detect that plaintiff was in an inebriated condition, even after he demonstrated signs of visible intoxication, including but not limited to slurred speech, bloodshot and watery eyes, loudness, excitability, and loss of coordination;

(i)   Defendants continued to serve alcoholic beverages to plaintiff, despite his visible intoxication;

(j)   Defendants failed to safeguard plaintiff from the risk of over-consumption of alcohol; and

(k)   Defendants permitted plaintiff to drive a vehicle while he was in an intoxicated state.

25.   As a direct and proximate result of defendants' negligence, carelessness, and recklessness, plaintiff was caused to suffer the catastrophic injuries and damages described above.

26.   The conduct of the defendants was willful, wanton, reckless, and in total disregard for the health and safety of plaintiff, such that defendants' conduct was egregious and outrageous, rendering them subject to the assessment of punitive or exemplary damages in addition to the assessment of substantial compensatory damages for the harm caused by their misconduct.

WHEREFORE, plaintiff demands judgment in his favor and against defendants jointly and/or severally in an amount in excess of $50,000.00 or any applicable arbitration limit,

together with interest, costs, delay damages, punitive damages, attorney's fees, and such further relief as may be deemed appropriate by the Court.

## COUNT II – NEGLIGENCE/RESPONDEAT SUPERIOR

### Plaintiff v. Defendants Spirit Cruises, Entertainment Cruises, and ABC Corp. 1-5

27.     Plaintiff hereby incorporates by reference the averments contained in paragraphs 1-26 above as if fully set forth at length herein.

28.     At all times that they served alcoholic beverages to plaintiff, the John Doe defendants were engaged in the course and scope of their employment with defendant Spirit Cruises, defendant Entertainment Cruises, and/or defendant ABC Corp. 1 – 5.

29.     Defendants Spirit Cruises, Entertainment Cruises, and/or ABC Corp. 1 – 5, as the employer(s) of the John Doe defendants, were therefore responsible for the negligent, careless and reckless actions of the John Doe defendants by way of vicarious liability and the doctrine of *respondeat superior*, and, accordingly, are fully liable for such negligence, carelessness, and recklessness.

30.     Defendants Spirit Cruises, Entertainment Cruises, and/or ABC Corp. 1 – 5 failed to meet their duty of care to plaintiff and were careless, negligent and reckless through their own actions and inactions, in violation of the General Maritime Law of the United States, in the following ways, including but not limited to:

      (a)     Defendants failed to have adequate policies or protocols in place to ensure that only passengers who were of sufficient age could be served alcoholic beverages;

      (b)     Defendants failed to have adequate policies or protocols in place to ensure that its employees served alcoholic beverages only to those passengers who could

present valid identification showing they were of sufficient age to drink
alcoholic beverages;

(c)   Defendants failed to have adequate policies or protocols in place to ensure that
minors were not served alcoholic beverages;

(d)   Defendants failed to have adequate policies or protocols in place to ensure that
their employees were familiar with and abided by workplace rules prohibiting
the service of alcoholic beverages to minors;

(e)   Defendants failed to properly train, educate or supervise their employees with
respect to the legal service of alcoholic beverages to passengers;

(f)   Defendants failed to properly train, educate or supervise their employees with
respect to the prohibition upon the sale of alcoholic beverages to minors;

(g)   Defendants failed to properly train, educate or supervise their employees with
respect to the prohibition upon the consumption of alcoholic beverages by
minors;

(h)   Defendants failed to have adequate policies or protocols in place to ensure that
passengers were not served so much alcohol that they became a danger to
themselves or others;

(i)   Defendants failed to properly train, educate, or supervise their employees so as
to prevent the service of alcohol to a visibly intoxicated passenger aboard the
vessel;

(j)   Defendants' alcohol policies and procedures were inadequate;

(k)   Defendants' alcohol policies were not enforced by defendants;

(l)     Defendants' alcohol policies were not followed by the Captain or members of the vessel's crew;

(m)    Defendants failed to safeguard plaintiff from the risk of harm;

(n)     Defendants failed to properly train, educate and supervise their employees;

(o)     Defendants failed to establish, monitor, and administer training, programs and operating procedures pertaining to responsible service of alcoholic beverages;

(p)     Defendants had a policy and practice of continuing to serve passengers without adequately checking to see whether the passenger was in fact intoxicated or whether they exhibited visible signs of intoxication;

(q)     Defendants failed to have and/or enforce policies and practices imposing a drink cut-off limit for alcoholic beverages;

(r)     Defendants failed to have and/or enforce policies and practices setting a time limit so defendants' alcohol servers would not sell and/or serve alcoholic beverages after passengers had been drinking alcoholic beverages for a defined period of time;

(s)     Defendant failed to have and/or enforce policies and practices requiring passengers to stop drinking alcoholic beverages once the passenger became visibly intoxicated;

(t)     Defendants failed to have and/or enforce policies and practices of serving only non-alcoholic beverages and coffee at some designated time sufficiently prior to the vessel's return to port so as to enable passengers to have time to sober up;

(u)   Defendants failed to have and/or enforce policies and practices designed to prevent disembarking passengers from driving a motor vehicle while intoxicated;

(v)   Defendants tacitly approved their alcohol service personnel and other employees selling and serving alcohol, liquor, malt and brewed beverages to patrons until they became intoxicated, and continuing thereafter to serve them alcohol while visibly intoxicated;

(w)   Defendants failed to have and/or enforce any policy or practice of disciplinary standards for their employees regarding the sale or service of alcoholic beverages; and

(x)   Defendants failed to have and/or enforce any policy or practice of proactively and effectively monitoring their employees engaged in the service of alcoholic beverages.

31.     As a direct and proximate result of defendants' negligence, carelessness, and recklessness, plaintiff was caused to suffer the injuries and damages described above.

32.     The conduct of the defendants was willful, wanton, reckless, and in total disregard for the health and safety of plaintiff, such that defendants' conduct was egregious and outrageous, rendering them subject to the assessment of punitive or exemplary damages in addition to the assessment of substantial compensatory damages for the harm caused by their misconduct.

WHEREFORE, plaintiff demands judgment in his favor and against defendants jointly and/or severally in an amount in excess of $50,000.00 or any applicable arbitration limit,

together with interest, costs, delay damages, punitive damages, attorney's fees, and such further

relief as may be deemed appropriate by the Court.

## JURY DEMAND

Plaintiff demands a trial by jury of twelve (12).


MATTIONI, LTD.

Dated: 6 | 18 | 20 20                     BY: _____
                                          EUGENE MATTIONI, ESQUIRE
                                          JOSEPH BOUVIER ESQUIRE
                                          Attorneys for Plaintiff


JARVE KAPLAN GRANATO STARR, LLC

Dated: 6-18-20                            BY: _____
                                          ANTHONY GRANATO, ESQUIRE
                                          Attorney for Plaintiff


{00378214-1 }

Case ID: 200600957

**VERIFICATION**

I, Malcolm Thomas, hereby states:

1. I am the plaintiff in this action;

2. I verify that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information and belief; and

3. I understand that the statements in said document are made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification to authorities.

MT
Malcolm Thomas

Dated: 6/17/20

# EXHIBIT "B"

**BROWN, NOVICK & McKINLEY**
Attorneys at Law
38 North Broad Street
Woodbury, NJ 08096
(856) 845-7898
Attorney for Plaintiffs

| | |
|---|---|
| SAMAR B. ISAWA, | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION |
| Plaintiff, | GLOUCESTER COUNTY |
| | |
| v. | DOCKET NO.:  GLO-L- |
| | |
| MALCOLM E. THOMAS, JOHN DOE | Civil Action |
| and/or JOHN DOE, INC., and/or JOHN A. | |
| DOE, and/or ABC BARS 1-10, j/s/a, | COMPLAINT and JURY DEMAND |
| | |
| Defendants. | |

The Plaintiff, SAMAR B. ISAWA, residing at 568 N. Evergreen Avenue, Woodbury, Gloucester County, New Jersey, by way of Complaint against the above-named parties, says:

## FIRST COUNT

1.      On or about the 14th day of July, 2018, the Plaintiff, SAMAR B. ISAWA, was the driver of a motor vehicle which was proceeding northbound on Route 55 at or near milepost 46.9 in Elk Township, Gloucester County, New Jersey.

2.      At the aforementioned time and place, the Defendant, MALCOLM E. THOMAS, was the operator of a motor vehicle proceeding southbound on Route 55 at or near milepost 46.9 in Elk Township, Gloucester County, New Jersey.

3.      JOHN DOE, and/or JOHN DOE, INC., are fictitious names for an individual, either male or female, or a business entity, who were negligent in the operation and/or ownership of a motor vehicle at the aforesaid time and place.

7.      JOHN A. DOE, is a fictitious name for an individual, or a business entity, who was the agency and/or employer of the Defendant, MALCOLM E. THOMAS, JOHN DOE and/or JOHN DOE, INC.

8.      At the aforesaid time, the Defendant, MALCOLM E. THOMAS, JOHN DOE and/or JOHN DOE, INC., was the agent, servant and/or employee of the Defendants, JOHN A. DOE, and operated said vehicle in the scope of that agency and/or employment.

9.      The Defendants, JOHN A. DOE, are responsible to the Plaintiff, SAMAR B. ISAWA, for the acts of the Defendant, MALCOLM E. THOMAS, JOHN DOE and/or JOHN DOE, INC, through the Doctrine of Respondeat Superior.

WHEREFORE, the Plaintiff, SAMAR B. ISAWA, demands judgment against the Defendants, MALCOLM E. THOMAS, JOHN DOE and/or JOHN DOE, INC. and/or JOHN A. DOE, jointly, severally and/or in the alternative for such sums as will reasonably compensate the Plaintiff for her damages according to the laws of New Jersey, plus costs of suit, and for whatever other relief the Court deems equitable and just.

## THIRD COUNT

The Plaintiff, SAMAR B. ISAWA, hereby repeats each and every allegation of the First Count and makes same a part hereof as though set forth at length herein.

10.     ABC BARS 1-10, are fictitious names for an individual, either male or female, or a business entity, who was a social host, the holder of a plenary retail alcoholic beverages distribution license, and/or the owner/operator of an establishment engaged in the selling and/or serving alcoholic beverages to the public.

11.     On or about July 14, 2018, the Defendant, ABC BARS 1-10, negligently, knowingly, and/or recklessly sold and/or served alcoholic beverages to the Defendant, MALCOLM E. THOMAS, to the point of intoxication which the Defendant knew, should have known, observed, or should have observed, and as a result of the same, caused the Defendant, MALCOLM E.

THOMAS, to become involved in the subject motor vehicle accident, which was foreseeable by the Defendant, ABC BARS 1-10.

12.   ABC BARS 1-10, sold and/or served alcoholic beverages to Defendant, MALCOLM E. THOMAS, in violation of state and local laws, and is, therefore, liable to the Plaintiff by reason of negligence per se.

13.   As a result of the aforesaid, Defendant, MALCOLM E. THOMAS, as the operator of a motor vehicle struck the vehicle occupied by the Plaintiff, SAMAR B. ISAWA, causing the subject crash.

14.   By reason of the aforesaid, the Plaintiff, SAMAR B. ISAWA, was severely and permanently injured, suffered, still suffers and will, in the future, suffer great pain and anguish, was confined for a period of time and will so be confined in the future, became, still is and will, in the future, be incapacitated from continuing her usual course of conduct and/or employment, was obliged to incur large expenses in the care and treatment of the aforesaid injuries and was otherwise injured, damaged and restricted in her bodily movements.

WHEREFORE, the Plaintiff, SAMAR B. ISAWA, demands judgment against the Defendants, MALCOLM E. THOMAS, JOHN DOE and/or JOHN DOE, INC. and/or JOHN A. DOE, and/or ABC BARS 1-10, jointly, severally and/or in the alternative, for such sums as will reasonably compensate the Plaintiff for her damages according to the laws of New Jersey, plus punitive damages, compensatory damages, costs of suit, and for whatever other relief the Court deems equitable and just.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that the plaintiffs hereby demands a trial by jury as to all issues contained herein.

BROWN, NOVICK & McKINLEY

Dated: 5-8-2020

By:    Milton W. Brown, Esq.
       Attorney for Plaintiff
       Attorney ID No: 019891990

## CERTIFICATION PURSUANT TO R. 4:5-1

This is to certify that, to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated.  Further, at this time, there are no known other parties who should be joined in this action.

BROWN, NOVICK & McKINLEY

Dated: 5-8-2020

By:    Milton W. Brown, Esq.
       Attorney for Plaintiff
       Attorney ID No: 019891990

# Civil Case Information Statement

## Case Details: GLOUCESTER | Civil Part Docket# L-000566-20

Case Caption: ISAWA SAMAR  VS THOMAS MALCOM

Case Initiation Date: 05/08/2020

Attorney Name: SCOTT COOPER MC KINLEY

Firm Name: BROWN NOVICK & MCKINLEY

Address: 38 NORTH BROAD STREET

WOODBURY NJ 08096

Phone: 8568457898

Name of Party: PLAINTIFF : Isawa, Samar, B

Name of Defendant's Primary Insurance Company

(if known): National Continental Insurance

Case Type: AUTO NEGLIGENCE-PERSONAL INJURY (VERBAL THRESHOLD)

Document Type: Complaint with Jury Demand

Jury Demand: YES - 6 JURORS

Is this a professional malpractice case?  NO

Related cases pending: NO

If yes, list docket numbers:

Do you anticipate adding any parties (arising out of same transaction or occurrence)? NO

Are sexual abuse claims alleged? NO

---

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
#### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

Do parties have a current, past, or recurrent relationship? NO

If yes, is that relationship:

Does the statute governing this case provide for payment of fees by the losing party? NO

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:


Do you or your client need any disability accommodations? NO

    If yes, please identify the requested accommodation:


Will an interpreter be needed? NO

    If yes, for what language:


Please check off each applicable category: Putative Class Action? NO  Title 59? NO  Consumer Fraud? NO

---

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

| | |
|---|---|
| 05/08/2020 | /s/ SCOTT COOPER MC KINLEY |
| Dated | Signed |

# EXHIBIT "C"



**MARTIN OTTAWAY**

Marine Consultants, Engineers,
Surveyors, Naval Architects & Appraisers

*Founded in 1875*

January 4, 2021

Mr. Timothy D. Rau
Marshall Dennehey
2000 Market Street, Suite 2300
Philadelphia, PA 19103

Via Electronic Mail
tdrau@mdwcg.com

Re:     P.V. "Spirit of Philadelphia"
        Appraisal Report
        Valuation as of July 14, 2018
        Our Project No. WT-26325

Dear Mr. Rau:

Reference is made to the above-mentioned vessel and your request to provide an opinion on its value for legal purposes. The valuation date requested is July 14, 2018.

The following report provides details of the company's background and experience with vessel valuations, details of the subject vessel, a description of the methodology used in arriving at the final appraised value, and supporting sources and documentation.


<u>FIRM BACKGROUND:</u>

Martin & Ottaway has conducted vessel valuations on all different types of craft ranging from recreational boats to ocean passenger liners since the firm's founding in 1875.

These appraisals have been for various concerns, including financing, investment, legal, taxation, insurance, limitations of liability and general average purposes, etc.

Clients have been ship-owners, financial institutions, attorneys, governments, internal revenue services, and underwriters, to name a few. The firm has been accepted as a reliable source of vessel appraisals in U.S. Federal Courts and by the U.S. Government.

In order to be able to perform appraisals, Martin, Ottaway, van Hemmen & Dolan, Inc. maintains an appraisal database which contains practically every large ship sale in the world, and maintains up-to-date research files on ship repair and construction costs, charter rates, industry trends, regulatory requirements and their associated commercial effects and financing opportunities.

This appraisal data goes back to the late 1800's and has been used as a unique reference in complex ship finance and taxation issues.

P.V. "Spirit of Philadelphia"                                    Our Project No. WT-26325



## VESSEL PARTICULARS:

The subject vessel is a dinner passenger cruise vessel with the following particulars noted:

| | |
|---|---|
| Name of Ship: | Spirit of Philadelphia |
| Owners: | Hornblower Cruises and Events LLC |
| | |
| Type: | Dinner Passenger Cruise Vessel |
| Flag: | United States |
| Official No.: | 943275 |
| IMO No.: | N/A |
| Call Sign: | WDD4763 |
| | |
| Gross Tonnage: | 94 |
| Net Tonnage: | 64 |
| Passenger Capacity: | 600 Passengers |

| | | |
|---|---|---|
| Length (overall): | 58.52 m | 192.0 ft |
| Length (bp): | 47.76 m | 156.7 ft |
| Breadth (molded): | 10.67 m | 35.0 ft |
| Depth (molded): | 2.16 m | 7.1 ft |

| | |
|---|---|
| Builder: | Blount Boats Inc., Warren, Rhode Island |
| Delivery Date: | May 15, 1989 |

The vessel is not currently classed with any classification societies.

## APPRAISAL:

Based on the construction cost depreciated approach, our opinion of the subject vessel's Fair Market Value is **$2,000,000**, as of July 14, 2018.

## APPRAISAL NARRATIVE:

Marine vessel appraisals may be carried out by one of three different appraisal methods; namely:

1. Comparable Sales/Offerings ("sales" approach)
2. Construction Cost Depreciated ("cost" approach)
3. Financial Analysis ("income" approach)

Generally, marine vessel appraisals are carried out using the comparable sales/offerings approach and/or construction cost depreciated approach. The financial analysis approach requires a large amount of financial information and is only used when sufficient historical data, such as income flows and related expenses, is provided to the appraiser. This information has not been made available and as such this methodology was not used.



Based on our review of the marine sale and purchase market on or about 2018, there is a scarcity of information regarding comparable sales or offerings for dinner cruise passenger vessels. Moreover, as the dinner cruise market is dominated by a select few companies, there is a scarcity of information regarding comparable sales and there will be a dearth of potential purchasers for these types of vessels.

As such, we opted to use the construction cost depreciation methodology for the appraisal.

Currently, a vessel of this type, fully equipped, and with similar finishing would cost approximately US$6,000,000 to construct new.

Vessels of this type typically have a useful life of between 40 and 50 years, depending on how the vessel has been maintained over its lifetime.

It was reported that the vessel underwent major restoration and repair work in the first quarter of 2019. This work included repairs to the steel of the main deck, side shell plating, and exhaust system, as well as extensive refurbishment to the vessel's interior. The total cost of repair and refurbishment was US$1,193,049.12, including various other related repair, cleaning, and shipyard costs. As a result of this work, the vessel's useful life would be considered to be about 50 years.

However, the type of repair work carried out is reflective of the standard of maintenance and upkeep that a prudent operator, such as the current owners, would maintain and, as such, is germane in determining the vessel's useful life.

To value the subject vessel, we have depreciated the estimated construction cost of the vessel over 50 years to reach its current fair market value of $2,700,000, and adjusted this value by the total cost of repair work to the vessel conducted in 2019. The repair work cannot be considered when appraising the vessel in 2018 as it had yet to be carried out.

Based on these adjustments, it is the opinion of the undersigned that the vessel is valued at US$2,000,000 in sound condition as of July 14, 2018.


SPECIFIC REFERENCE MATERIAL:

1.   Martin, Ottaway, van Hemmen & Dolan, Inc. vessel database
2.   Various marine industry sale and purchase broker websites
3.   Maritime industry sources
4.   Various magazines/publications related to the maritime industry


LIMITING CONDITIONS:

1.   This is an appraisal report which was done for legal purposes. Supporting documentation concerning the data developed and the value calculations is retained in the appraisal file.

2.   Values are statements of opinion. No guarantee can be given that opinions of value will be sustained or that they will be realized in actual transactions.

P.V. "Spirit of Philadelphia"                                    Our Project No. WT-26325



3.  The value given in this appraisal is for the stated valuation date only, and only for the stated purpose.

4.  The vessel was appraised on the premise that it was free and clear of all encumbrances, mortgage debt, and special liens.

5.  Value is considered to be in cash. Contracts or charters, if any, are not considered in reaching the value.

6.  We are unaware of any significant potential environmental hazards associated with this equipment other than normal on-board fuel and lubes.

7.  The value noted above is based on the unit's current location.

8.  It is presumed that the vessel is in full compliance with all applicable international, federal, state or local regulations unless otherwise stated in the report.

9.  No responsibility is assumed for latent defects of any nature that could have an effect on the equipment's value. No determination of stability characteristics or inherent structural integrity has been made, and no opinion is expressed with respect thereto.

10. This report was prepared for the client of record, as noted, in order to provide an opinion of value under an assumed set of circumstances as requested and mutually agreed upon by that client. Any legal defense, court or deposition preparation related to it will be considered a new and separate assignment.

11. This report was made by Martin, Ottaway, van Hemmen & Dolan, Inc. and will be considered as confidential. Copies of this report will only be made available to other parties with prior written consent of the purchaser/owner of this report. Any confidential information received in preparation of this report will be kept confidential.

12. Information supplied by others that was considered and utilized in constructing this report is from sources believed to be reliable and no further responsibility is assumed for its accuracy.


## DEFINITIONS:

The definitions used in Martin, Ottaway, van Hemmen & Dolan, Inc. appraisal reports are based on those written in the American Society of Appraisers text, *Valuing Machinery and Equipment (Fourth Edition)*.

### Fair Market Value:
An opinion, expressed in terms of money, at which the property would change hands between a willing buyer and a willing seller, neither being under any compulsion to buy or to sell and both having reasonable knowledge of relevant facts, as of a specific date.



**Cost Approach:**
One of the three recognized approaches to value used in appraisal analysis. The appraiser starts with the current replacement cost new (or in some circumstances the reproduction cost new) of the property being appraised, and then deducts for the loss in value caused by physical deterioration, functional obsolescence, and economic obsolescence. The logic behind the cost approach is the principle of substitution.

**Depreciation (appraisal):**
The estimated loss in value of an asset when compared with a new asset; appraisal depreciation measures value inferiority caused by a combination of physical deterioration, functional obsolescence, and economic obsolescence.

**Remaining Useful Life (RUL):**
The estimated period, usually measured in terms of years, during which a property of a certain effective age is expected to actually be used before it is retired from service.

**Income Approach:**
One of three recognized approaches used in appraisal analysis. The appraiser determines the present value in relation to the future economic benefits derived from ownership; the value is usually measured through the capitalization of a specific level of income.

**Trending:**
A method of estimating a property's reproduction cost new (not replacement cost new) in which an index or trend factor is applied to the property's historical cost to convert the known cost into an indication of current cost.

**Sales Comparison Approach:**
One of the three traditional approaches to value. This approach to value uses an analysis of recent sales or offering prices of properties that are similar (i.e., comparable) to the subject property. If the comparables are not exactly like the properties being appraised, the selling prices of the comparables are adjusted to equate them to the characteristics of the properties being appraised. Also known as the market approach or the market data approach.

**Scrap Value:**
An opinion, expressed in terms of money, of the amount that could be realized for a property if it were sold for its material content, not for a productive use, as of a specific date.

**Normal Useful Life (NUL):**
The physical life, usually estimated in terms of years, that a new property will actually be used before it is retired from service. A property's normal useful life relates to how long similar properties actually tend to be used, as opposed to the more theoretical economic life calculation of how long a property can profitably be used.


<u>APPRAISER'S CERTIFICATION:</u>

I certify that, to the best of my knowledge and belief:

1.  The statements of fact contained in this report are true and correct.

P.V. "Spirit of Philadelphia"                                    Our Project No. WT-26325



2.  The reported analyses, opinions, and conclusions are limited only by the reported assumptions and limiting conditions, and are my personal, impartial, and unbiased professional analyses, opinions, and conclusions.

3.  I have no present or prospective interest in the vessel that is the subject of this report, and no personal interest with respect to the parties involved.

4.  I have not performed services, as an appraiser or in any other capacity, regarding the property that is the subject of this report within the three-year period immediately preceding acceptance of this assignment.

5.  I have no bias with respect to the property that is the subject of this report or to the parties involved with this assignment.

6.  My engagement in this assignment was not contingent upon developing or reporting predetermined results.

7.  My compensation for completing this assignment is not contingent upon the development or reporting of a predetermined value or direction in value that favors the cause of the client, the amount of the value opinion, the attainment of a stipulated result, or the occurrence of a subsequent event directly related to the intended use of this appraisal.

8.  My analyses, opinions, and conclusions were developed, and this report has been prepared, in conformity with the Uniform Standards of Professional Appraisal Practice.

9.  Martin & Ottaway has made an inspection of the property that is the subject of this report on December 15, 2020.

10. No one provided significant personal property appraisal assistance to the person signing this certification.

I, David Tantrum, hereby certify that, to the best of my knowledge and belief, the statements of fact contained in this report are true and correct, and this report has been prepared using the guidelines of the Uniform Standards of Professional Appraisal Practice of The Appraisal Foundation and the Principles of Appraisal Practice and Code of Ethics of the American Society of Appraisers.

Signed, and submitted without prejudice to rights and/or interests of whom it may concern,

MARTIN, OTTAWAY, van HEMMEN & DOLAN, INC.

David Tantrum

**Attachment**:

1.  David Tantrum CV

# DAVID J. TANTRUM

## PROFESSIONAL EXPERIENCE

2008 – Present

Managing Director, MARTIN, OTTAWAY, van HEMMEN & DOLAN, INC.

1997 – 2008

Partner, MARTIN, OTTAWAY, van HEMMEN & DOLAN, INC.

Manager of surveying services U.S. and worldwide.

1989 - 1997

Engineering and Marine Consultant, MARTIN, OTTAWAY, van HEMMEN & DOLAN, INC.  Areas of specialization include forensic engineering, ship vetting surveys, mechanical systems and ship sales analysis, structural and mechanical system surveys, ship valuations and failure analysis.

Start-up management of satellite offices.

1988

Engineer, PB. TECHNIK, Berlin, West Germany.  Responsibilities included: Design, manufacture and installation of stainless steel and aluminum air conditioning ducting.

1983 – 1988

Operations supervisor (part time), Campus Oil, Ltd., New Ross, Ireland.  Responsibilities included: Vessel discharge supervision, tank farm gauging and calculations, fuel blending and tank truck loading.

## NOTABLE PROJECTS

Testified as an expert witness on Engineering and ship valuation matters in Federal Court on various occasions.

Consultant to the United States Government for evaluation of ship construction proposals under the Title XI program.

Consultant to various Shipowners with regard to vessel acquisition and life extensions on older vessels.

Failure analysis of all types of diesel engines and their associated equipment.

Inspection of laid-up Ro/Ro vessels and their evaluation for reactivation.

Coordination, management and actual survey of a fleet of vessels for a consortium of purchasers of a container shipping company, including future maintenance cost developments.

Design and implementation of a fire control system and safety plan for an oil storage terminal.

EDUCATION AND PROFESSIONAL QUALIFICATIONS

Certificate in Engineering Principles, Dublin Institute of Technology, Ballyfermot, 1985

Diploma of Mechanical Engineering, Bolton Street College of Technology, 1989

Bachelor of Science degree in Mechanical Engineering, Trinity College, Dublin, Ireland, 1989

Master in Arts, University of Dublin, Trinity College, Dublin, Ireland, February 2006

Metallurgical course at Materials Engineering Institute, 1993

Certified Qualified Individual for the Oil Pollution Act of 1990 and proven competent at the level of OSHA 24-Hour On-Scene Commander as per 29 CFR 1910.120(q) at Massachusetts Maritime Academy's Center for Marine Environmental Protection and Safety (1996)

Internal Auditor Training Course – Lloyd's Register of Shipping (2002)

Certificate in Maritime Security Training: Maritime Security Officer Training requirements of Parts A and B of the International Ship and Port Facility Security (ISPS) Code, ABS Consulting, Risk Consulting Division, January 2004

Lloyd's Register of Shipping Liquefied Natural Gas Ships Course, May 2005

Executive Management Program at Wharton School of Business, University of Pennsylvania (2007 / 2008)

Accredited Senior Appraiser, American Society of Appraisers

Memberships

Member of Institution of Engineers of Ireland
Member of American Welding Society
Member of the Society of Naval Architects and Marine Engineers
Associate Member of Association of Average Adjusters of the United States
Subscriber to the British Association of Average Adjusters
Member of the Society of Marine Port Engineers
Member of the Society of Marine Consultants
Member of NACE International
Member ASM International
Member of American Society of Appraisers
Member of American Society of Mechanical Engineers

Technical Publications

"Velocity & Position Control of a Pneumatic Cylinder Using a Micro Computer" - Senior thesis, Bolton Street College

Author of paper, "The Reasonable Cost of Repairs", presented to the Association of Average Adjusters of the United States, October 1996

Author of paper, "Charterer's Legal Liability", presented to American Insurance Group, Chicago, June 3, 1999


Languages:   English, Gaelic, fluent
             French, reading
Nationality: United Kingdom citizenship
             Permanently residing in the United States


Address:   620 Shrewsbury Avenue        Phone: (732) 224-1133 (office)
           Tinton Falls, NJ 07701              (908) 568-7866 (mobile)
                                        E-mail: dtantrum@martinottaway.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

IN THE MATTER OF THE PETITION
OF SPIRIT CRUISES, LLC AND ENTERTAINMENT
CRUISES, INC. AS OWNERS
OF THE M/V SPIRIT OF PHILADELPHIA
FOR EXONERATION FROM, OR
LIMITATION OF, LIABILITY

_____/

## <u>CERTIFICATE OF INTERESTED PERSONS AND</u>
## <u>CORPORATE DISCLOSURE STATEMENT</u>

I hereby disclose the following pursuant to this Court's interested persons order:

1.      The name of each person, attorney, association of persons, firm, law firm,

partnership, and corporation that has or may  have an interest in the outcome of this action –

including subsidiaries, conglomerates, affiliates, parent corporations, publicly-traded companies

that own 10% or more of a party's stock, and all other identifiable legal entities related to any

party in this case:

- Malcolm Thomas and counsel, Joseph Bouvier, Esq. of the law firm Mattioni, LTD and Anthony Granato, Esq. of the law firm Jarve Kaplan Granato Starr, LLC.

- Samar Isawa and counsel, Milton Brown, Esq. of Brown, Novick & McKinley

- Spirit Cruises, LLC, Entertainment Cruises, Inc. and Timothy Rau of the law firm Marshall Dennehey Warner Coleman & Goggin.

2.      The name of every other entity whose publicly-traded stock, equity, or debt may

be substantially affected by the outcome of the proceedings:

None.

3.      The name of every other entity which is likely to be an active participant in the

proceedings, including the debtor and members of the creditors:

None.

4.      The  name of each victim (individual or corporate) of civil and criminal conduct
alleged to be wrongful, including every person who may be entitled to restitution:

- Malcolm Thomas

- Samar Isawa

- Spirit Cruises, LLC

- Entertainment Cruises, Inc.


I hereby certify that, except as disclosed above, I am unaware of any actual or potential
conflict of interest involving the district judge and magistrate judge assigned to this case, and
will immediately notify the Court in writing on learning of any such conflict.


MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN


By: *Timothy D. Rau*
TIMOTHY D. RAU
2000 Market Street, Suite 2300
Philadelphia, PA  19103
tdrau@mdwcg.com
(215) 575-2623
Attorney Spirit Cruises LLC and
Entertainment Cruises, Inc.

Dated: January 6, 2021

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

IN THE MATTER OF THE PETITION
OF SPIRIT CRUISES, LLC AND ENTERTAINMENT
CRUISES, INC. AS OWNERS
OF THE M/V SPIRIT OF PHILADELPHIA
FOR EXONERATION FROM, OR
LIMITATION OF, LIABILITY
_____/

## NOTICE OF PENDENCY OF OTHER ACTIONS

In accordance with Local Rule 1.04(c), I certify that the instant action:

__X__   **IS**   related to pending or closed civil or criminal case(s) previously filed in this Court, or any other Federal or State court, or administrative agency as indicated below:
Malcolm Thomas v. Spirit Cruises, LLC, et al.
P.C.C.P., June 2020 Term, No. 00957

Samar Isawa v. Malcolm Thomas, et al.
Superior Court of New Jersey, Gloucester County GLO-L-000566-20

I further certify that I will serve a copy of this Notice of Pendency of Other Actions upon each party no later than eleven days after appearance of the party.

Dated: January 6, 2021

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN

By: *Timothy D. Rau*
TIMOTHY D. RAU
2000 Market Street, Suite 2300
Philadelphia, PA  19103
tdrau@mdwcg.com
(215) 575-2623
Attorney for Spirit Cruises LLC and
Entertainment Cruises, Inc.

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**
*Attorneys for Petitioners*
Timothy D. Rau
2000 Market Street
Philadelphia, PA 19103
(215) 575-2623

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

IN THE MATTER OF THE PETITION
OF SPIRIT CRUISES, LLC AND ENTERTAINMENT
CRUISES, INC. AS OWNERS                                    **ORDER**
OF THE M/V SPIRIT OF PHILADELPHIA
FOR EXONERATION FROM, OR
LIMITATION OF, LIABILITY
_____/

A Petition having been filed herein on the ____day of January, 2021, by the above-named

Petitioners, as owners of the M/V *Spirit of Philadelphia*, praying for exoneration from or

limitation of liability pursuant to Title 46 United States Code § 30501 et seq. (formerly 46

United States Code App. § 183) and Rule F of the Supplemental Rules of Certain Maritime and

Admiralty Claims, and the statutes supplemented thereto and amendatory thereof, and also

contesting liability independently of the limitation of liability claimed in said Petition for any

loss, damage, injury or death arising out of an incident which occurred on or after 2018;

**AND** said Petition also stating the facts and circumstances upon which said exoneration

from or limitation of liability is claimed, and an Ad Interim Stipulation for Value dated January

4, 2021, executed by Paul McNamara in the sum of $2,000,000, said Ad Interim Stipulation for

Value shall stand as security for all claims and costs against Petitioners and the vessel in the

proceeding;

**AND** it appearing that suits have been filed and/or claims asserted against Petitioners and/or the vessel for loss of life, damage, injury or destruction alleged to arise out of the aforesaid voyage;

**NOW**, on motion of Marshall Dennehey Warner Coleman & Goggin, attorneys for Petitioners, it is

**ORDERED** that the above-described Ad Interim Stipulation for Value for the benefit of claimants in the sum of $2,000,000 with interest as security for the amount or value of the Petitioner's interest in the subject vessels, be and the same hereby is approved; and it is further

**ORDERED** that the Court, upon motion, shall cause due appraisal of such value and may thereupon order the said security to be increased or reduced if the Court finds the amount thereof insufficient or excessive; and upon demand, the Court may similarly order such increase or reduction if it finds that such an order is necessary to carry out the provisions of Title 46 United States Code § 30501 et seq. (formerly 46 United States Code App. § 183), in respect of loss of life or bodily injury; and it is further

**ORDERED** that any claimant to these proceedings may, at any time, signify by written notice, filed with the Court and served upon other parties of record, its dissatisfaction with Navigators as surety herein.  In the event of such notice, Petitioners shall have five (5) business days of receipt thereof to cause security to be posted in the form provided by the rules of this Court, failing with the injunction entered concurrently herewith will be vacated as to all claimants, and the Court will make such further orders as the justice of the cause may require; and it is further

**ORDERED** that such a notice shall be issued by the Clerk of this Court to all persons asserting claims with respect to which the Petition seeks exoneration and limitation admonishing such persons to file their respective claims with the Clerk of the Court in writing, and to serve on

the attorneys for Petitioner a copy thereof on or before the _____ day of _____, 2021,
or be defaulted, and that if any claimant desires to contest either the right to exoneration from or
limitation of liability, he shall file and serve upon the attorneys for Petitioner an Answer to the
Petition on or before such date, unless his claim has included an Answer to the Petition, so
designated, or be defaulted; and it is further

      **ORDERED** that public notice of the aforesaid admonition be given by publication in the
*Philadelphia Legal Intelligencer* as provided by the aforesaid Supplemental Rule F; and it is
further

      **ORDERED** that the further prosecution of any and all suits now pending, and the
institution of any and all suits, actions or legal proceedings of any nature and description
whatsoever in any jurisdiction, and the taking of any steps and the making of any motion in such
suits, actions or legal proceedings against Petitioner or against the vessels, or either of them,
except in the present proceeding, in respect of any losses, damages or injuries arising out of said
incident involving the vessel, as alleged in said Petition, be and they hereby are restrained,
stayed, and enjoined until the hearing and determination of this proceeding; and it is further

      **ORDERED** that service of this Order as a restraining Order, may be made through the
Post Office by mailing a conformed copy of this Order to the person or persons to be restrained,
or to their respective attorneys.


                             Signed _____
                                           UNITED STATES DISTRICT JUDGE

Dated this _____ day of _____, 2021

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

IN THE MATTER OF THE PETITION
OF SPIRIT CRUISES, LLC AND ENTERTAINMENT
CRUISES, INC. AS OWNERS
OF THE M/V SPIRIT OF PHILADELPHIA
FOR EXONERATION FROM, OR
LIMITATION OF, LIABILITY
_____/

## **NOTICE OF COMPLAINT FOR EXONERATION FROM OR LIMITATION OF LIABILITY**

1.      Notice is hereby given that Petitioners, Spirit Cruises, LLC and Entertainment

Cruises, Inc., as owner of the M/V Spirit of Philadelphia, has filed a Complaint pursuant to Title

46, United States Code § 30501 et seq. claiming the right to exoneration from or limitation of

liability for all damage or claims incurred by Malcolm Thomas related to his cruise on

Petitioners' vessel.

2.      All persons having such claims must file them, as provided in Rule F,

Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil

Procedure, with the Clerk of this Court at the United States District Court,  601 Market Street,

Philadelphia, PA 19106, and serve on or mail to the Petitioners' attorneys, Marshall Dennehey

Warner Coleman & Goggin, 2000 Market Street, Philadelphia, PA 19103, a copy thereof at or

before 10:00 a.m. on _____, 2021, or be defaulted.  Personal attendance is not

required.

3.      Any claimant desiring to contest the claims of Petitioner must file an answer to said Complaint, as required by Rule F, Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, and serve on or mail to Petitioner's attorneys a copy.

Dated:  Philadelphia, Pennsylvania

_____

_____
CLERK OF THE COURT
UNITED STATES DISTRICT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN
TIMOTHY D. RAU
2000 Market Street, Suite 2300
Philadelphia, PA  19103
tdrau@mdwcg.com
(215) 575-2623
Attorney for Spirit Cruises, LLC and
Entertainment Cruises, Inc.

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**
*Attorneys for Petitioners*
Timothy D. Rau
2000 Market Street
Philadelphia, PA 19103
(215) 575-2623

<div align="center">

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

</div>

IN THE MATTER OF THE PETITION
OF SPIRIT CRUISES, LLC AND ENTERTAINMENT
CRUISES, INC. AS OWNERS                                    **MONITION**
OF THE M/V SPIRIT OF PHILADELPHIA
FOR EXONERATION FROM, OR
LIMITATION OF, LIABILITY
_____/

**THE PRESIDENT OF THE UNITED STATES OF AMERICA TO THE UNITED STATES MARSHAL FOR THE EASTERN DISTRICT OF PENNSYLVANIA,**

**G R E E T I N G S:**

**WHEREAS**, a Petition has been filed in the District Court of the United States for the Eastern District of Pennsylvania on the _____ day of January, 2021, by Spirit Cruises, LLC and Entertainment Cruises, Inc. as owner and operator of the M/V Spirit of Philadelphia, claiming the benefit of exoneration from or limitation of liability according to law and as provided in § 30501 (formerly §183) of Title 46, United States Code and Supplemental Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims and the statutes supplemental thereto and amendatory thereof, and also contesting its liability independently of the limitation of liability claimed in said Petition for any loss, damage, injury or death arising out of or occurring on or after 2018 in which the vessel in said Petition also stating the facts and circumstances on which said exoneration from or limitation of liability is claimed, and an Ad Interim Stipulation

for Value dated the 4th day of January, 2021, executed by Paul McNamara, as surety, in the sum of $2,000,000, the said Ad Interim Stipulation for Value shall stand as security for all claims and costs against the Petitioners or the vessel in this proceeding; and

**WHEREAS**, this Court has ordered that a Monition issue out of and under the Seal of this Court against all persons claiming damages for any and all losses, damages, injuries or death arising out of or occurring on or after 2018, on or in the vicinity of the vessels, as described in said Petition, citing them to appear before this Court and to file their claims with the Clerk of this Court in writing and under oath, and to serve copies thereof on attorneys for the Petitioners on or before the _____ day of _____, 2021, and directing that any such persons, or their personal representatives, claiming damages as aforesaid who shall desire to contest the claim of Petitioners, shall answer said Petition.

**YOU ARE, THEREFORE, COMMANDED** to cite all persons claiming damages for any and all losses, damages, injuries, death and destruction arising out of or occurring on or after 2018, on or in the vicinity of the vessels as described in said Complaint, to appear before this Court in writing and under oath, and to serve copies thereof upon Marshall Dennehey Warner Coleman & Goggin, attorneys for Petitioners, 2000 Market Street, Philadelphia, PA 19103, on or before the _____ day of _____, 2021, and, if any such persons or their personal representatives shall desire to contest the claim of Petitioners, to answer said Petition on or before the said date, or within such further time as this Court may grant, and to have such other and further relief as may be due them.

**AND** what you have done in the premises, do you then make return to this Court together with this Writ.

Witness the Honorable _____, Judge of the District Court of the United States for the Eastern District of Pennsylvania, _____ day of _____, 2021, and the independence of the United States two hundred and forty four.

Signature stamp of: _____
CLERK OF COURT.

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**
***Attorneys for Petitioner, McLean Contracting***
Timothy D. Rau
2000 Market Street
Philadelphia, PA 19103
(215) 575-2623
tdrau@mdwcg.com

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**
*Attorneys for Petitioners*
Timothy D. Rau
2000 Market Street
Philadelphia, PA 19103
(215) 575-2623

<div align="center">

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

</div>

| | |
|---|---|
| IN THE MATTER OF THE PETITION OF SPIRIT CRUISES, LLC AND ENTERTAINMENT CRUISES, INC. AS OWNERS OF THE M/V SPIRIT OF PHILADELPHIA FOR EXONERATION FROM, OR LIMITATION OF, LIABILITY | **AD INTERIM** **STIPULATION OF VALUE** |

As security in the above captioned matter now pending in the United States District Court for the Eastern District of Pennsylvania, in admiralty, captioned "IN THE MATTER OF THE PETITION OF SPIRIT CRUISES, INC. AND ENTERTAINMENT CRUISES, LLC, AS OWNERS OF THE VESSEL *M/V SPIRIT OF PHILADELPHIA* FOR EXONERATION FROM AND LIMITATION OF LIABILITY," the undersigned, as underwriters at interest, hereby agree:

1.     In the event a final decree (after all appeals, if any) is entered in this action in favor of any potential claimants against Spirit Cruises, Inc. and/or Entertainment Cruises, LLC, ("Spirit") for losses caused in connection with the *M/V Spirit of Philadelphia* (the "Vessel") and the July 14, 2018 event, described more fully in Spirit's Complaint, the undersigned issuers of the below referenced insurance policies, in accordance with their respective shares under said

policies as stated below, agree to pay and satisfy the final decree up to and not exceeding US$2,000,000 and interest, as required.

2.      This letter of undertaking shall also serve as security for costs within the meaning of Rule F(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure and interest thereon at the required rate.

3.      Nothing contained in paragraphs 1 or 2 is intended to prohibit the undersigned underwriters (a) from filing a bond in form and sufficiency of surety satisfactory to this Court in an amount up to and not exceeding US$2,000,000, as security for Spirit's interest in the Vessel and/or (b) for costs in an amount to be set by the Court pursuant to Rule F(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

4.      Nothing contained in paragraphs 1 or 2 is intended to prohibit the undersigned underwriters from depositing the Vessel into the registry of the Court, or into the possession of a trustee designated by this Court, for the benefit of claimants as allowed under Supplemental Rule F(1)(b).

5.      In the event the bonds referred to in paragraph 3 are filed, or in the event that the Vessel is deposited into the registry of the Court or into the possession of a Court appointed trustee, as referenced in paragraph 4 then the undersigned shall have no further obligation under paragraphs 1 or 2.

6.      This agreement and undertaking shall be governed by the laws of this Court.  The undersigned underwriters hereby consent to be sued on this agreement and undertaking in this Court and submit themselves to the jurisdiction of this Court on this letter only and for no other purpose.  Service of process in any action on this agreement may be made on the undersigned

2

underwriters by service upon The Hartford, One Penn Plaza, 32nd Floor, New York, NY 10119

by U.S. certified mail, return receipt requested.

       7.     This letter is written entirely without prejudice to any rights to defenses which

said Vessel or Spirit may have, none of which are to be regarded as waived.

Dated: _____, 2021          Navigators
                            Policy #NY18MPK15380801
                            Marine Primary Protection & Indemnity and Marine Bumpershoot and Excess Liabilities

                            *Paul McNamara*   1/4/2021
                            By: