

2000 Market Street, Suite 2300, Philadelphia, PA 19103
(215) 575-2600  Fax (215) 575-0856

Direct Dial:  (215) 575-2623
Email:  tdrau@mdwcg.com

March 9, 2021

Via Email: Chambers_of_Judge_Mitchell_S_Goldberg@paed.uscourts.gov
Hon. Mitchell S. Goldberg
U.S. District Court for the Eastern District
7614 U.S. Courthouse
Courtroom 4-B
Philadelphia, PA  19106

  RE: In the Matter of the Petition of Spirit Cruises, LLC, and Entertainment Cruises, Inc.
     CA No.2:21-cv-00049
     **Our File:  40836-00108**

Dear Judge Goldberg:

  Kindly accept this letter as a follow up to the Complaint that I recently filed on behalf of the Petitioners. As indicated below, the Petition requires action by the Court through the entry of an Order, Monition and Notice which were filed with the Complaint in order to proceed.   This letter shall serve to clarify any issues the Court may have with respect to Spirit Cruises' and Entertainment Cruises'  (hereinafter "Petitioners") Complaint for exonerations from and limitation of liability pursuant to Title 46, United States Code § 30501, *et seq.* (formerly 46 United States Code App. § 183) and Supplemental Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims (hereinafter "Supplemental F").

  Supplemental F explains the requirements for the Honorable Court to issue an order to granting Petitioner's Complaint for exoneration and limitation of liability. This letter will address each of the nine subsections contained in Supplemental F.

  Supplemental F, subsection(1) is titled Filing Complaint, Security; it states in part, "Not later than six months after receipt of a claim in writing, any vessel owner may file a complaint in the appropriate district court, as provided in subdivision (9) of this rule, for limitation of liability pursuant to statute."

  Petitioner's Complaint meets the timeliness requirement. On July 9, 2020, Petitioner received Written Notice of Claim for alleged injuries sustained by Claimant, Malcolm Thomas. See Paragraph 8 of the Complaint. The Complaint for exoneration form and limitation of liability was filed on January 6, 2021. Therefore, there was exactly six months between Petitioner receiving the claim in writing to when Petitioner filed its Complaint. See Paragraph 29 of the Complaint.  The language provided for in the Supplemental F provides not later than six months after receipt of a claim in writing. Here, Petitioner's Complaint was timely as it was exactly six months after receipt of claim. Therefore, the Complaint was timely.

Hon. Mitchell S. Goldberg
March 9, 2021
Page 2

_____

Supplemental F, subsection (1) also addresses security. Supplemental F subsection (1) states in part "The owner (a) shall deposit with the court, for the benefit of claimants, a sum equal to the amount or value of the owner's interest in the vessel and pending freight, or approved security therefor…"

Petitioner's Complaint also meets the security requirements. The Vessel had a sound market value of $2,000,000 at the time of the accident on July 14, 2018.  See Paragraph 24 of the Complaint.  On January 4, 2021, Mr. Paul McNamara from Navigator's,  executed an Ad Interim Stipulation for Value, which declares that after appraisal, the Petitioner's interest in the vessel had been fixed at $2,000,000. See Stipulation filed with the Complaint. Also, the Monition states that the Ad Intermit Stipulation for Value shall stand as security for all claims and costs against the Petitioner. See Monition, page 2, line 4-5. The Proposed Order also states that Ad Interim Stipulation for Value for the benefits of the Claimant shall serve as security. See Proposed Order, page 2, lines 6-8.

Supplemental F, subsection (2) is titled Complaint. Supplemental F subsection (2) states "The complaint shall set forth the facts on the basis of which the right to limit liability is asserted and all facts necessary to enable the court to determine the amount to which the owner's liability shall be limited. The complaint may demand exoneration from as well as limitation of liability. It shall state the voyage if any, on which the demands sought to be limited arose, with the date and place of its termination; the amount of all demands including all unsatisfied liens or claims of lien, in contract or in tort or otherwise, arising on that voyage, so far as known to the plaintiff, and what actions and proceedings, if any, are pending thereon…"

Petitioner's Complaint also meets the requirements for Supplemental F subsection (2). Petitioner's Complaint states the demands sought which is exoneration or, in the alternative, limitation of liability. See Paragraph 27 of the Complaint.

Specifically, Petitioner's Complaint sets forth the basis for exoneration. Petitioner exercised due diligence to make the Vessel seaworthy in all respects. See Paragraph 9 of the Complaint. If any loss, damage, injury was sustained by Claimants, such loss, damage, or injury was in no way caused by fault, negligence, reckless or want of due care on the part of the Vessel or Petitioner. See Paragraph 19-20 of the Complaint. Rather, any such loss, damage, injury or death was occasioned and incurred wholly without the fault, privity, or knowledge of the Petitioner. See Paragraph 20 of the Complaint.

In the alternative, Petitioner sets forth the basis of which the right to limit liability is asserted.  Claimant will seek damages in an amount that seek an amount that will exceed the total sum required to pay under applicable statutes and laws governing limitation of liability. See Paragraph 21 of the Complaint. As mentioned above, Petitioner has disclosed the value of the vessel, which was appraised at $2,000,000. See Paragraph 24 of the Complaint and Ad Interim Stipulation for Value.

 Further, Petitioner's Complaint has met subsection (2) other requirements. Specifically, Petitioner's Complaint mentions the voyage and date and place. See Paragraphs 9-10 of the Complaint. The Complaint further states that Mr. Thomas alleges he consumed alcohol while aboard the cruise and subsequently sustained injuries as a result of a motor vehicle accident caused by his intoxication.  See Paragraph 12 of the Complaint Further, the Complaint mentions that the incident occurred on July 14, 2018 and that the accident was alleged to have resulted by beverages served to Mr. Thomas while he was aboard the Spirit of Philadelphia. See Paragraph 12 of the Complaint.

   Petitioner's Complaint states the actions and proceedings that are pending. Claimant, Malcolm Thomas instituted an action in the Philadelphia Court of Common Pleas against Petitioner to recover money damages for claimed bodily injuries. See Paragraph 8 of the Complaint.  Therefore, Petitioner has met the requirements under subsection (2).

   Supplemental F, subsection (3) is titled Claims Against Owner; Injunction. Supplemental F subsection (3) states "Upon compliance by the owner with the requirements of subdivision (1) of this rule all claims and proceedings against the owner or the owner's property with respect to the matter in question shall cease. On application of the plaintiff the court shall enjoin the further prosecution of any action or proceeding against the plaintiff or the plaintiff's property with respect to any claim subject to limitation in the action."

   Petitioner's Complaint meets the requirement Supplemental F subsection (3). Petitioner has moved to enjoin the further prosecution of any and all actions suits, and legal proceedings to be commenced or already commenced against Petitioner or its Vessel with respect to any claims arising out of the aforesaid incident.  See Page 30 of the Complaint, Wherefore Clause.

   Supplemental F, subsection (4) is titled Notice to Claimants. Supplemental F subsection (4) states, in part, "Upon the owner's compliance with subdivision (1) of this rule the court shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice. The date so fixed shall not be less than 30 days after issuance of the notice. For cause shown, the court may enlarge the time within which claims may be filed. The notice shall be published in such newspaper or newspapers as the court may direct once a week for four successive weeks prior to the date fixed for the filing of claims…"

   Petitioners' Complaint mentions the Monition in the Wherefore Clause of Petitioner's Complaint. See Page 30 of the Complaint. In addition to Petitioner's Complaint, Petitioner attached the Notice of Complaint for Exoneration from or Limitation of Liability, Monition and Proposed Order for the court to execute and issue to all persons asserting claims with respect to which the Complaint seeks limitation. The Proposed Order states that public notice of aforesaid admonition bye given by publication in the *Philadelphia Legal Intelligencer* in compliance with Supplemental Rule F. See Proposed Order, Pg 3.  The Proposed Order provides that service of this order may be made through the Post Office. See Proposed Order, Pg. 2-3.  Therefore, Petitioner's aforementioned documents provides proper notice to the claimant.

   Supplemental F, subsection (5) is titled Claims and Answer. Supplemental F subsection (5) states Claims shall be filed and served on or before the date specified in the notice provided for in subdivision (4) of this rule. Each claim shall specify the facts upon which the claimant relies in support of the claim, the items thereof, and the dates on which the same accrued. If a claimant desires to contest either the right to exoneration from or the right to limitation of liability the claimant shall file and serve an answer to the Complaint unless the claim has included an answer.

   Petition has complied Supplemental F, subsection (5). Attached to the Petitioner's Complaint was also the Notice of Complaint, Monition and Propose Order. The Notice of Complaint, Monition, Propose Order all reference claims/answers and leaves blanks for the Court to fill in deadlines for such Claims/Answers. The Notice of Complaint leaves a blank deadline for filing claims and answering the petition. See Paragraph 2-3.

Hon. Mitchell S. Goldberg
March 9, 2021
Page 4

_____

The Proposed Order leaves blank a deadline for all persons contesting or answering the Petition.  See Pg 3, Paragraph 1. The Monition leaves a blank deadline for persons contesting the claims of Petitioner, answering said petition. See Pg 2, Paragraph 3. Therefore, Petitioner's aforementioned documents afford the claimant the ability to file and serve answer to Complaint and contest the petition.

     Supplemental F, subsection (6) is titled Information to be given Claimants. Supplemental F subsection (6) provides "Within 30 days after the date specified in the notice for filing claims, or within such time as the court thereafter may allow, the plaintiff shall mail to the attorney for each claimant (or if the claimant has no attorney to the claimant) a list setting forth (a) the name of each claimant, (b) the name and address of the claimant's attorney (if the claimant is known to have one), (c) the nature of the claim, i.e., whether property loss, property damage, death, personal injury etc., and (d) the amount thereof."

     This requirement is not yet required because the limitation papers have not yet been signed and claims nor answers have been filed. Once the limitation papers have been signed by the court, Petitioner will comply with the court's order in a timely manner.

     Supplemental F, subsection (7) is titled Insufficiency of Fund or Security. Supplemental F subsection (7) states in part "Any claimant may by motion demand that the funds deposited in court or the security given by the plaintiff be increased on the ground that they are less than the value of the plaintiff's interest in the vessel and pending freight…"

     Petitioner's Proposed Order provides this protection to the claimant. The Proposed Order provides that the Court, upon motion, shall cause due appraisal of such value and may there upon order the said security to be increased or reduced if the Court finds the amount thereof insufficient or excessive, and upon demand, the Court may similarly order such increase or reduction if it finds that such an order is necessary to carry out the provisions of Title 46 United States Code § 30501 Qseq. (formerly 46 United States Code App. § 183), in respect of loss of life or bodily injury; See Proposed Order, page 2, paragraph 4. The Proposed Order also states that  any claimant to these proceedings may, at any time, signify by written notice, filed with the Court and served upon other parties of record, its dissatisfaction with XL Catlin as surety herein.  In the event of such notice, Petitioner shall have five (5) business days of receipt thereof to cause security to be posted in the form provided by the rules of this Court, failing with the injunction entered concurrently herewith will be vacated as to all claimants, and the Court will make such further orders as the justice of the cause may require. See Proposed Order, page 2, paragraph 4.  Therefore, Petitioner's Proposed Order affords the claimant protection to contest insufficiency of fund or security.

     Supplemental F subsection (8) is titled Objections: Distribution of Funds. Supplemental F subsection (8), Any interested party may question or controvert any claim without filing an objection thereto. Upon determination of liability the fund deposited or secured, or the proceeds of the vessel and pending freight, shall be divided pro rata, subject to all relevant provisions of law, among the several claimants in proportion to the amounts of their respective claims, duly proved, saving, however, to all parties any priority to which they may be legally entitled.

     This is not a filing requirement but rather permits an interested party to object to claims.

Hon. Mitchell S. Goldberg
March 9, 2021
Page 5

_____

      Supplemental F subsection (9) is titled Venue; Transfer. Supplemental F subsection (9) states "The complaint shall be filed in any district in which the vessel has been attached or arrested to answer for any claim with respect to which the plaintiff seeks to limit liability; or, if the vessel has not been attached or arrested, then in any district in which the owner has been sued with respect to any such claim. When the vessel has not been attached or arrested to answer the matters aforesaid, and suit has not been commenced against the owner, the proceedings may be had in the district in which the vessel may be, but if the vessel is not within any district and no suit has been commenced in any district, then the complaint may be filed in any district. For the convenience of parties and witnesses, in the interest of justice, the court may transfer the action to any district; if venue is wrongly laid the court shall dismiss or, if it be in the interest of justice, transfer the action to any district in which it could have been brought. If the vessel shall have been sold, the proceeds shall represent the vessel for the purposes of these rules."

      Petitioner's Complaint establishes proper venue and jurisdiction. Petitioner's Complaint establishes that this court has jurisdiction over this cause of action pursuant to the provisions of Article III, Section 2 of the United States Constitution entitled 28 United States Code § 1333. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. See Paragraph 1 of Complaint. Venue is properly laid in this district in accordance with Supplemental F. Further, Malcolm Thomas brought an action in the Philadelphia Court of Common Pleas and named Petitioner. See Paragraph 8. Therefore, Petitioner is entitled to file for exoneration and limitation in the U.S. District Court for the Eastern District of Pennsylvania. Petitioner respectfully requests that the Court enter the Order, Notice of Claims and Monition attached to the Complaint file by Petitioner.

      Please let me know if you have any questions. If it is easier to address these issues through a conference, please let me know and I can make myself available.

      Thank you for your attention to this matter.

      Respectfully Submitted,

      **MARSHALL DENNEHEY**

BY:   *Timothy D. Rau*
      **TIMOTHY D. RAU**